Davis, J.
The plaintiff in error received from defendant in error a box of umbrellas consigned to persons at Marietta, Indian Territory; and agreed, by the terms of the bill of lading, to carry the goods to the destination if on its road, otherwise to deliver to another carrier on the route to the destination of the goods. The road of the plaintiff in error *129 terminates at Chicago, and beyond its line the goods were transported by connecting carriers to the point of destination in good condition and in due time. The goods were not delivered to the consignees because they refused to accept them, having become insolvent. The Erie company's agent notified the defendant in error that the goods were at a railway station at destination and -undelivered because the consignees had failed and quit business. Thereupon the defendant in error signed an indemnity contract of the Erie’s usual and regular form, as follows:
“May 29, 1902.

“To Erie Railroad Company:

“The undersigned shipped by Erie Railroad from Dayton to Marietta, I. Ty., March 15, 1905, marked Freeman Bros., Marietta, I. Ty., one box umbrellas.
“Please use all available means to stop for me the above mentioned articles before delivery to consignee, and return same to me at Dayton, Ohio, and, in consideration of your effort in my behalf, I hereby agree to indemnify you against, and save you harmless from, any suit or legal proceedings, loss, damage, expense, counsel fees, cost and charges arising from or caused by your attempt to comply with this request.
“The full meaning and-intent of this agreement being that you are to act as my agent in this transaction. ■ “A. CappeL.”
The company always exacted that form of contract unless the plaintiff surrendered the original bill of lading, which was not done in this case. After the execution of the indemnity contract a request for the return of the • goods was forwarded *130 through the different connecting lines to Marietta, Indian Territory, and the goods were started on the return, but were lost somewhere in transitu, never having reached the Erie road on the return.
The defendant in error, alleging a verbal agreement by the plaintiff in error, in consideration of the usual freight charges, to return the shipment to the defendant in error at Dayton, Ohio, sued to recover the value of the goods less the usual freight charges. He obtained a judgment therefor in the court of common pleas, which was affirmed by the circuit court.
We find in the record no competent evidence to sustain the claim of a verbal contract as alleged. The alleged consideration was never paid; and all the conversations between the agent of the railroad company, on the one side, and the defendant in error and his employees on the other side, were connected with, conditioned upon and consummated in, the written indemnity contract which the defendant in error signed. The loose expressions of the company’s agent, as testified to by two employes of the defendant in error, that he would return the goods, or have them returned, are too vague and indefinite, under the circumstances, to have much weight, even if they were competent. Indeed, it nowhere appears in the record that the agent of the railroad company had authority, express or implied, to enter into any such verbal agreement on part of the company. On the contrary, it appears to have been the usual and ordinary course of business of the plaintiff in error in such cases, well known to the defendant in error, to insist upon a written authority and agreement to indemnify, as was done in this case. Therefore, whatever may *131 be the rights and liabilities between these parties, they must be ascertained and defined by the written instrument.
We are led to believe that the circuit’court was of the opinion that, inasmuch as the blank was furnished by the company and was signed by the de.fendant in error at its request, this conduct implies an undertaking on part of the company to return the goods; and that if there were no such undertaking there would have been no necessity for the indemnity, and the subsequent conduct of the railroad company would have been without explanation.
We regard this as a rather hasty induction. The plaintiff in error and the connecting carriers had already performed their contract to safely carry the goods to the designated point. They were not bound to return them to the shipper, and could only be held therefor when they re-obligated themselves for that purpose. So far from doing so, the plaintiff in error stipulated, as a condition precedent to any action by it, that it should be authorized by the shipper to act as his agent in the transaction. “The full meaning and intent of the agreement” was expressly stated to be that the Erie Railroad company should act as the shipper’s agent. As such agent it was requested to use all available means to stop the goods before delivery to the consignees and return them to the shipper, the defendant in error. It might be that the insolvent consignees, or their assignees or creditors, might intervene and resist the return of the goods. It might be that loss or damage (as did occur) might arise from the company’s “attempt to comply with this request” of its principal, the shipper, when the company had no actual possession or control of the property and was act *132 ing only for and in behalf of the owner. All of these circumstances and risks would seem to constitute a sufficient reason for indemnity to the railroad company as an agent, while such an indemnity to a railroad company as a protection from its liabilities as a common carrier for loss or damage occurring in transit would be preposterous and obviously illegal.
Under our construction of this written instrument the railroad company could not be held liable for loss or damage occurring without its fault on the return trip, and not on its own road; because it did not receive, or agree to receive, the goods as a common carrier for shipment back to the original point of shipment, but acted only as the agent of the shipper, expressly authorized thereto, to obtain the return of the goods, and as such was indemnified by the shipper against loss or damage arising from or caused by its attempt to comply with his request.
The defendant in error did not, therefore, make out his case upon a verbal contract, as alleged in his petition, nor under the written instrument which appears in the evidence. What might be the liability of the railroad company if the goods had been lost after coming back to its possession while returning is not involved in this case. The judgment of the circuit court and that of the court of common pleas are reversed and judgment is rendered for the plaintiff in error.

Reversed.

Crew, C. J., Summers, Spear, Shauck and Price, JJ., concur. '